IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| BRAD ADAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 4:22-cv-514 |
| PENMARK TRANSPORTATION, INC and ANTONIO EVGENIEV SPASOV, | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1332, 1441 and 1446, Defendants Penmark Transportation, Inc. ("Penmark") and Antonio Evgeniev Spasov ("Spasov") (collectively referred to as "Defendants"), by and through undersigned counsel, hereby remove Case No 2216-CV05168 (the "State Court Action") from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri on the ground that jurisdiction exists under 28 U.S.C. § 1332(a)(1). In support of removal, Defendants state as follows:

1. On March 8, 2022, Plaintiff Brad Adams ("Plaintiff") filed his Petition in the Circuit Court of Jackson County, Missouri, Case No. 2216-CV05168, naming Penmark and Spasov as Defendants. (Ex. A, State Court File).

2. Defendants Penmark and Spasov were served with the Petition on July 7, 2022 (Ex. A, Petition and Summons).

3. Upon information and belief, Plaintiff is a resident of the State of Missouri.

4. Defendant Spasov is a citizen and resident of the State of Illinois. (Ex. A, Plaintiff's Petition, §2).

5. A corporation's citizenship for the purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

6. A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Normally, it is where the corporation maintains its headquarters, i.e., the "nerve center." *Id*.

7. Defendant Penmark is incorporated in Illinois. (Ex. A, Plaintiff's Petition, §3).

8. Defendant Penmark's headquarters is Bensenville, Illinois. (Ex. A, Plaintiff's Petition, §3).

9. Accordingly, for the purposes of federal diversity jurisdiction, Defendant Penmark is a citizen of the State of Illinois, as it is incorporated in Illinois and its principal place of business is located in Illinois.

10. To confer subject matter jurisdiction on this Court based on diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. 1332(a).

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014) (citing 28 U.S.C. § 1446(a)). Moreover, to establish a jurisdictional amount in connection with removing an action to federal court, a defendant is not required to concede liability for the amount of the plaintiff's claim. *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935, 946 (8th Cir. 2012). The movant's burden, which only arises in the event the moving party's amount in controversy is contested, is

"to merely show by a preponderance of the evidence that 'a fact finder might legally conclude that' the damages are greater than the requisite amount." *Id.* (quoting *Bell v. Hershey* v. Co., 557 F.3d 953, 959 (8th Cir. 2009)). "This standard applies regardless of whether the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum." *Bell*, 557 F.3d at 956.

12. Once the proponent of federal jurisdiction plausibly explains how the plaintiff's potentially recoverable damages might exceed $75,000, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson,* 719 F.3d 884, 888 (8th Cir. 2013). Even if it is highly improbable that the plaintiff will recover $75,000 or less, this does not meet the legally impossible standard. *Id*.

13. Plaintiff herein seeks damages related to personal injury. (Ex. A, Plaintiff's Petition, §18). Plaintiff made a pre-suit demand to settle his personal injury claim for $1,000,000. (Ex. A, Plaintiff's Petition, §67). Plaintiff believes his injury and damages to be worth more than $1,000,000. (*Id* at §74).

14. Accordingly, if a fact finder believes that Plaintiff has proven his claims as alleged, the fact finder could legally conclude that the damages sought are greater than $75,000.00. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

15. Removal of this action is not prohibited by any federal statute.

16. Attached as Exhibit A are all process, pleadings, orders and other documents then on file in the Circuit Court of Jackson County, Missouri and served on this Defendant.

17. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of Jackson County, Missouri, and with counsel for all other parties.

18. If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendants Penmark and Spasov, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, effects the removal of said civil action to this Honorable Court.

This 8th day of August 2022.

    Respectfully submitted,
MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ Byron A. Bowles
Byron A. Bowles, Jr., #47050
Brian M. Israel, #71337
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
Ph: (913) 371-3838
Fx: (913) 371-4722
bbowles@mvplaw.com
bisrael@mvplaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      The undersigned hereby certify that on the 8th day of August 2022, the above and foregoing was filed with the Clerk of the Court via the Court's electronic filing system, which will serve electronic notification of such filing on the following counsel of record:

Stephen G. Sanders, #51172
Nicholas J. Zevenbergen, #61801
9800 NW Polo Drive, Suite 100
Kansas City, MO 64153-1397
Tel: (816) 457-6006
Fax: (816) 912-4810
steve@sanders.law
nick@sanders.law

ATTORNEYS FOR PLAINTIFF

                                            /s/ Byron A. Bowles
                                            ATTORNEYS FOR DEFENDANTS