Electronically Filed - Jackson - Independence - March 08, 2022 - 04:15 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY
## AT KANSAS CITY, MISSOURI

BRAD ADAMS
5845 EAST 11TH STREET
KANSAS CITY, MISSOURI 64126
                    Plaintiff,

v.

PENMARK TRANSPORATION, INC.
1250 MARK STREET
BENSENVILLE, IL 60106
Serve:  Georgi Tsenov
          1250 Mark Street
          Bensenville, IL 60106

and

ANTONIO EVGENIEV SPASOV,
375 WEST DUNDEE ROAD, UNIT 301
WHEELING, IL 60090
                    Defendants.

Case No. _____
JURY TRIAL REQUESTED

## PETITION FOR DAMAGES

COMES NOW Plaintiff, Brad Adams, by and through his undersigned attorneys of record, and for his causes of action against the Defendants Penmark Transportation, Inc., and states and allege as follows:

1.     Plaintiff Brad Adams (hereinafter "Plaintiff") is a citizen and resident of the State of Missouri.

2.     Defendant Antonio Evgeniev Spasov (hereinafter "Defendant Spasov") is a citizen and resident of the State of Illinois residing at 375 West Dundee Road, Unit 301, Wheeling, Illinois 60090.

1

**Exhibit A**

3.      Defendant Penmark Transportation, Inc. (hereinafter "Defendant Penmark") is a foreign corporation organized under the laws of the State of Illinois. Defendant Penmark has its principal place of business in the State of Illinois at 1250 Mark Street, Bensenville, Illinois 60106. Defendant Penmark is not currently registered with the Missouri Secretary of State as a foreign corporation, despite conducting business in the State of Missouri by and through its agent Defendant Spasov at the time of the collision at issue described herein. Defendant Penmark may be served with service of process via its registered agent Georgi Tsenov, 1250 Mark Street, Bensenville, Illinois 60106.

4.      This Court has subject matter jurisdiction over this action pursuant to Missouri Constitution art. V, § 14.

5.      This Court has specific personal jurisdiction over Defendant Spasov and Defendant Penmark because Defendant Penmark through its agent Defendant Spasov committed tortious acts within the State of Missouri in Jackson County, as set forth in greater detail herein and thereby negligently and recklessly causing the motor vehicle collision at issue in this case described herein.

6.      Defendant Penmark committed tortious acts in the state of Missouri by and through its employee/driver/agent Defendant Spasov, who was driving within the course and scope of his agency and employment for Defendant Penmark at the time of the collision; and Defendants' acts and omissions that give rise to Plaintiff's claims caused Plaintiff's injuries and damages to occur in the State of Missouri within the territorial confines of Jackson County, Missouri and certain of these acts and omissions, as more fully described herein, were continuous and ongoing in Missouri at the time Plaintiff was injured as set forth more fully herein.

2

Electronically Filed - Jackson - Independence - March 08, 2022 - 04:15 PM

7.      Venue is proper in this Court at Jackson County, Missouri because Plaintiff was first injured within the territorial confines of Jackson County, Missouri.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      On February 3, 2021, at around 11:55 p.m., Defendant Spasov was driving a 2005 Freightliner tractor and pulling a trailer in Kansas City, Jackson County, Missouri. Defendant Spasov was driving southbound on Interstate 29 toward the interchange with Interstate 70 and Interstate 35. As Defendant Spasov approached the interchange, he was driving in the far-right lane and appeared to be heading onto westbound Interstate 35.

9.      At approximately the same time, Plaintiff was driving a 2015 Freightliner flatbed truck southbound on Interstate 29 toward the interchange with Interstate 70 and Interstate 35. As Plaintiff approached the interchange, he was driving in the lane left of Defendant Spasov and intended to head onto westbound Interstate 35.

10.     As both trucks passed the interchange, Defendant Spasov suddenly, violently, and without warning changed lanes to head southbound onto Interstate 70. As Defendant Spasov changed lanes, he collided with the passenger side of Plaintiff's truck near the rear wheel. The impact caused Plaintiff's truck to spin in front of Defendant Spasov's truck. Plaintiff's truck collided with the jersey barrier on the north side of Interstate 35 and spun so that it was facing east when it stopped moving.

11.     These above-referenced events are hereinafter referred to in this Petition as the "Collision."

12.     In the collision, Plaintiff's body was violently thrown about the interior of his truck's driver compartment.

13.     Upon information and belief, at the time of the collision Defendant Spasov was

distracted and was not being attentive to the vehicles around him, his location, or his intended path of travel.

14.     Upon information and belief, Defendant Spasov was driving at a speed too fast for the conditions.

15.     Defendant Spasov's driving prior to and at the time of the collision constituted reckless driving.

16.     Upon information and belief, at the time of the collision, Defendant Spasov was serving as an agent/employee/driver of Defendant Penmark. Upon information and belief, at the time of the collision, Defendant Spasov was driving the above-described tractor-trailer in the course and scope of his employment with Defendant Penmark.

17.     At all times relevant herein, Defendant Spasov had the duty to operate the tractor-trailer with the highest degree of care, skill, and prudence.

18.     As a direct and proximate result of the collision, Plaintiff suffered injuries, damages, and physical and mental pain and anguish and will continue to suffer the same into the future. Specifically, Plaintiff suffered injuries and damage to his left shoulder, left knee, right hand, and neck.

19.     The injuries Plaintiff sustained as a direct and proximate result of the collision required medical treatment, and Plaintiff will continue to require medical treatment to cure and alleviate the symptoms and problems that he now experiences, which are likewise a direct and proximate result of the collision.

20.     As a direct and proximate result of the collision, Plaintiff incurred medical expenses to treat, cure, and alleviate the symptoms and problems that he now experiences as a result of the collision; and he will continue to incur medical expenses as his treatment progresses

to treat, cure and alleviate the aforesaid symptoms and problems that he will experience in the future as a result of the collision.

21.     As a direct and proximate result of the collision, Plaintiff suffered past lost wages, lost revenue, and lost profits and will continue to suffer future lost wages, lost revenue, and lost profits into the future.

22.     As a direct and proximate result of the collision, Plaintiff suffered a loss of income-earning capacity, and this will continue into the future.

23.     As a direct and proximate result of the collision, Plaintiff suffered consequential damages.

24.     At all times material hereto, Defendant Penmark was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as these terms are used and defined in the United States Federal Motor Carrier Safety Regulations and is subject to such rules and regulations as promulgated and codified within 49 CFR Parts 390, *et seq.*

25.     At all times material hereto, the State of Missouri has adopted the United States Federal Motor Carrier Safety Regulations as standards and laws of the state pursuant to § 390.201, R.S.Mo.

26.     At all times material hereto, the subject tractor-trailer driven by Defendant Spasov on the date of the collision was a "commercial motor vehicle" under 49 C.F.R. § 390.5 and was operated under the motor carrier authority of Defendant Penmark. At all times material hereto, the subject tractor-trailer bore the placard of Defendant Penmarck, USDOT No. 1877329, and MC No. 655200.

27.     At all times material hereto, Defendant Spasov operated the subject tractor-trailer; with the knowledge, consent, and permission of Defendant Penmark.

5

28.     Upon information and belief, at all times material hereto, the tractor-trailer was owned by or leased, in whole or in part, to Defendant Penmark, who had the exclusive rights to possess, control, and use of the subject tractor-trailer.

29.     The collision and the injuries and damages caused thereby to Plaintiff were reasonably foreseeable consequences of the breaches of duties of Defendants set forth herein.

## COUNT 1 – NEGLIGENCE OF DEFENDANT ANTONIO E. SPASOV

30.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

31.     On the above-stated date and time of the collision, Defendant Spasov had the duty to operate his tractor-trailer (also variously hereinafter denoted as "vehicle") in a safe and reasonable manner;

32.     On the above-stated date and time of the collision, Defendant Spasov had the duty to exercise the highest degree of care when operating his vehicle;

33.     On the above-stated date and time of the collision Defendant Spasov had the duty to comply with all applicable motor vehicle laws and motor carrier safety regulations;

34.     On the above-stated date and time and immediately before and at the time of the collision, Defendant Spasov had the duty to:

      a.     To keep a careful lookout;

      b.     Operate his vehicle entirely within a single lane and only change lanes when it was safe to do so;

      c.     To yield the right of way to vehicles already in the adjacent left lane;

      d.     To not drive at an excessive speed;

      e.     To drive at a speed at which it was possible for him to stop within the

range of his visibility;

f.      Keep his vehicle under proper control;

g.      Slow or stop his vehicle prior to colliding with Plaintiff's vehicle;

h.      To stop, or swerve, or slacken his speed, or sound a warning, or slacken his speed and swerve, or slacken his speed and sound a warning, or swerve and sound a warning once he knew or by the highest degree of care should have known that there was a reasonable likelihood of collision;

i.      To not operate his vehicle in a fatigued, impaired, or distracted condition;

j.      Operate his vehicle in a safe and prudent manner;

k.      Not recklessly operate his motor vehicle;

l.      Drive at a speed safe for the conditions and circumstances then-present in the area and where the collision occurred;

m.      Avoid colliding with other vehicles on the roadway;

n.      Observe the Missouri Rules of the Road; and

o.      Abide by all applicable Federal Motor Carrier Safety Administration Regulations.

35.     At the time of the collision, Defendant Spasov failed in each of these duties and was therefore negligent.

36.     At the time of the collision, Defendant Spasov was negligent, careless and reckless in causing the collision and Plaintiff's resulting injuries and damages, and breached his duty to exercise the highest degree of care through following acts and omissions of negligence and recklessness:

a.      Failing to keep a careful lookout;

b.      Failing to operate his vehicle entirely within a single lane and only change lanes when it was safe to do so;

c.      Failing to yield the right of way to Plaintiff's vehicle already in the adjacent left lane;

d.      Driving at an excessive speed;

e.      Driving at a speed at which it was impossible for him to stop within the range of his visibility;

f.      Failing to keep his vehicle under proper control;

g.      Failing to slow or stop his vehicle prior to colliding with Plaintiff's vehicle;

h.      Failing to stop, or swerve, or slacken his speed, or sound a warning, or slacken his speed and swerve, or slacken his speed and sound a warning, or swerve and sound a warning once he knew or by the highest degree of care should have known that there was a reasonable likelihood of collision;

i.      Operating his vehicle in a fatigued, impaired, or distracted condition;

j.      Failing to operate his vehicle in a safe and prudent manner;

k.      Recklessly operating his motor vehicle;

l.      Failing to drive at a speed safe for the conditions and circumstances then-present in the area and where the collision occurred;

m.      Failing to observe the Missouri Rules of the Road;

n.      Failing to abide by all applicable Federal Motor Carrier Safety

Administration Regulations, as set forth in greater detail in Count 2;

o.    Colliding with other vehicles on the roadway; and

p.    In such other ways as may be uncovered in discovery and proven by the evidence.

37.    As a direct and proximate result of Defendant Spasov's negligence and breaches of duty, Defendant Spasov caused the collision and caused Plaintiff to sustain the injuries and damages in the collision set forth above.

38.    The collision and the injuries and damages caused thereby were reasonably foreseeable.

WHEREFORE, the Plaintiff prays for judgment in Count 1 against Defendant Spasov and requests this Court award a fair and reasonable amount in excess of $25,000.00 to compensate the Plaintiff for all his injuries and damages, that the Court award the Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 2 – NEGLIGENCE PER SE OF ANTONIO E. SPASOV

39.    Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

40.    Upon information and belief, before and at the time of the collision, Defendant Spasov violated multiple Missouri state statutes and the United States Federal Motor Carrier Safety Regulations, including, without limitation:

a.    § 304.012, R.S.Mo., establishing the duty to exercise the highest degree of care in the operation of a motor vehicle and to drive vehicles in a careful and prudent manner and at a rate of speed so as to not endanger the

9

property, life, or limb of others;

b.   § 304.014, R.S.Mo., establishing that every person operating or driving a vehicle upon the highways of the state of Missouri shall observe and comply with the rules of the road;

c.   §§ 304.015.6 & 300.200.2, R.S.Mo., establishing the obligation to drive within a single lane and to change lanes only after ascertaining it is safe to do so;

d.   49 C.F.R. Part 390, which pertains to the safe operation of a motor carrier, the training, supervision, and duties of motor carriers and their employees, and to aiding and abetting violations of the rules and regulations;

e.   49 C.F.R. § 391.11, which prohibits a person from driving a commercial motor vehicle unless he is qualified to do so;

f.   49 C.F.R. § 392.2, establishing the obligation to operate a commercial motor vehicle in accordance with the regulations of the Federal Motor Carrier Safety Administration and all the laws, ordinances, and regulations of the State of Missouri;

g.   49 C.F.R. § 392.3, establishing the obligation to not drive a commercial motor vehicle while the driver's ability or alertness is impaired in any way; and

h.   49 C.F.R. § 392.14, establishing that extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow or ice, adversely affect traction and that speed shall be reduced when such conditions exist; and

       i.      49 C.F.R. § 392.3, which prohibits the operation of a commercial motor vehicle when the operator is too ill or fatigued to drive safely.

41.     Defendant breached his statutory duty to exercise the highest degree of care by violating the aforementioned statutes and regulations set forth above by engaging in the following acts, omissions, and conduct, which included, but which was not limited to the following:

     a.     Failing to keep a careful lookout;

     b.     Failing to operate his vehicle entirely within a single lane and only change lanes when it was safe to do so;

     c.     Failing to yield the right of way to Plaintiff's vehicle already in the adjacent left lane;

     d.     Driving at an excessive speed;

     e.     Driving at a speed at which it was impossible for him to stop within the range of his visibility;

     f.     Failing to keep his vehicle under proper control;

     g.     Failing to slow or stop his vehicle prior to colliding with Plaintiff's vehicle;

     h.     Failing to stop, or swerve, or slacken his speed, or sound a warning, or slacken his speed and swerve, or slacken his speed and sound a warning, or swerve and sound a warning once he knew or by the highest degree of care should have known that there was a reasonable likelihood of collision;

     i.     Operating his vehicle in a fatigued, impaired, or distracted condition;

j.      Failing to operate his vehicle in a safe and prudent manner;

k.      Recklessly operating his motor vehicle;

l.      Failing to drive at a speed safe for the conditions and circumstances then-present in the area and where the collision occurred;

m.      Failing to observe the Missouri Rules of the Road;

n.      Colliding with other vehicles on the roadway;

o.      Failing to abide by all applicable Federal Motor Carrier Safety Administration Regulations, without limitation, by:

      1.      Driving a commercial motor vehicle at the time of the collision when not qualified to do so;

      2.      Operating a commercial motor vehicle while violating the laws of the state of Missouri and regulations of the Federal Motor Carrier Safety Administration set forth above and below at the time of the collision;

      3.      Driving while his ability or alertness was impaired at the time of the collision;

      4.      Failing to exercise extreme caution in the operation of a commercial motor vehicle when hazardous conditions, such as those caused by snow or ice, adversely affected his traction and to reduce his speed when such conditions existed before and at the time of the collision;

      5.      Driving at the time of the collision when he was too ill or fatigued to drive safely;

Electronically Filed - Jackson - Independence - March 08, 2022 - 04:15 PM

p.     In such other ways as may be uncovered in discovery and proven by the evidence.

42.     Plaintiff, as a traveler in a motor vehicle on a public highway in the state of Missouri, was a member of the class of persons intended to be protected by the above-referenced statutes and regulations.

43.     Plaintiff, as commercial motor vehicle driver subject to the Federal Motor Carriers Safety Regulations and as a traveler in a motor vehicle on an interstate highway in the state of Missouri on which vehicles governed by the United State Federal Motor Carrier Safety Regulations drive, was a member of the class of persons intended to be protected by the above-referenced statutes and regulations.

44.     The serious personal injuries and damages sustained by Plaintiff were of the kind the above-referenced statutes and regulations were designed and intended to prevent.

45.     Defendant Spasov's violations of the above-referenced statutes and regulations constituted breaches of his duties set forth above, constituted negligence, directly and proximately caused the collision, and were individually and collectively the proximate and direct cause of Plaintiff's injuries and damages as set forth above.

46.     The collision and injuries and damages caused by Defendant Spasov were a reasonably foreseeable consequence of the Defendant Spasov's negligent and reckless acts and omissions and violations of the foregoing statutes and regulations.

47.     In light of the foregoing, Defendant Spasov's conduct constitutes negligence per se.

WHEREFORE, Plaintiff prays for judgment in Count 2 against Defendant Spasov and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate

Plaintiff for all his injuries and damages, that the Court award Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 3 – VICARIOUS LIABILITY OF
## PENMARK TRANSPORTATION, INC.

48.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

49.     At the time of the February 3, 2021 collision, Defendant Spasov was an employee or other agent of Defendant Penmark.

50.     Defendants Penmarck is vicariously liable for the acts of Defendant Spasov for the causes of action described in Counts 1 and 2 herein under principles of *respondeat superior* and for all the damages, costs, and expenses that may be assessed against Defendant Spasov in this matter.

WHEREFORE, the Plaintiff prays for judgment in Count 3 against Defendant Penmark and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all of his injuries and damages, that the Court award Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 4 – STRICT LIABILITY OF
## PENMARK TRANSPORTATION, INC.

51.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

52.     Upon information and belief, Defendant Penmark is the registered owner or lessee of the tractor-trailer involved in the February 3, 2021 collision and is therefore responsible for

the acts of the driver of that vehicle, Defendant Penmark, irrespective of whether Defendant Spasov is an employee of Defendant Penmark.

53.     Defendant Spasov committed the tortious acts described above that give directly and proximately caused injuries and damages to Plaintiff and gave rise to his liability to Plaintiff, and Defendant Penmark is strictly liable for Plaintiff's damages that may be assessed against Defendant Spasov. Defendant Penmark gave Defendant Spasov permission to drive the subject tractor-trailer involved in the February 3, 2021 Collision.

WHEREFORE, Plaintiff prays for judgment in Count 4 against Defendant and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all of his injuries and damages, that the Court award Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 5 – NEGLIGENCE OF PENMARK TRANSPORTATION, INC.

54.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

55.     Defendant Penmark had a duty to act reasonably in hiring, training, supervising, and retaining drivers and to promulgate and enforce rules, regulations, and policies to ensure that their drivers, including Defendant Spasov, operate vehicles in a reasonably safe manner.

56.     Upon information and belief, at the time of the February 3, 2021, collision, Defendant Penmark failed in the aforementioned duties and breached those duties, and each was therefore negligent.

57.     Defendants Penmark was negligent, careless, and reckless in at least the following respects, which directly and proximately resulted in the collision and caused Plaintiff's injuries

and damages:

    a.    Hiring Defendant Penmark when it knew, or should have known, of his prior driving violations on his Illinois driving record;

    b.    Hiring Defendant Spasov when it knew or should have known he had inadequate experience, training, knowledge, and skills, to safely operate the tractor-trailer rig he was driving at the time of the wreck;

    c.    Retaining Defendant Spasov when it knew or should have known he had inadequate experience, training, knowledge, and skills, to safely operate the tractor-trailer rig he was driving at the time of the wreck;

    d.    Retaining Defendant Spasov when it knew or should have known of his prior convictions for traffic offenses committed in Illinios, including speeding and disregarding an official traffic control device;

    e.    Entrusting the subject tractor-trailer Defendant Spasov was driving at the time of the collision to him, when it knew or should have known he had previously exhibited a pattern of negligence, incompetence, and recklessness in the operation of motor vehicles;

    f.    Failing to adequately train, instruct, and supervise Defendant Spasov concerning the safe operation of the subject tractor-trailer, including but not limited to proper operation of the subject tractor-trailer in urban and high traffic conditions; and

    g.    in other such ways as may be uncovered in discovery and proven by the evidence.

58.    As a direct and proximate result of the individual negligence of Defendant

Penmark described in Count 5, the collision occurred, and Plaintiff sustained the injuries and damages set forth above from that collision.

59.     The collision and the injuries and damages caused thereby were reasonably foreseeable.

WHEREFORE, the Plaintiff prays for judgment in Count 5 against Defendant Penmark and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate Plaintiff for all his damages, that the Court award the Plaintiff his costs and expenses incurred herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court deems right and just under the circumstances.

## COUNT 6 – NEGLIGENCE PER SE OF
## PENMARK TRANSPORTATION, INC.

60.     Plaintiff incorporates by reference the facts and allegations stated in all the preceding paragraphs of this Petition as though fully set forth below.

61.     Defendant Penmark was negligent *per se* in violating certain Missouri statutes and United States Federal Motor Carrier Safety Regulations by and through their agent Defendant Spasov, as set forth in Count 2, paragraphs 41 and 42, *supra*, enacted for the benefit of Plaintiff and others traveling on Missouri public roadways and interstate highways, which are hereby incorporated in Count 6 by reference.

62.     Defendant Penmark was also negligent *per se* in violating certain Missouri statutes and United States Federal Motor Carrier Safety Regulations enacted for the benefit of Plaintiff and others traveling on Missouri public roadways and interstate highways as follows:

    a.     49 C.F.R. § 390.3(e)(1)-(2), which provides that Defendant Penmarck each
           be knowledgeable of and comply with all regulations contained in this
           subchapter that are applicable to that motor carrier's operations and that

each's driver and employee involved in motor carrier operations shall be

instructed regarding, and shall comply with, all applicable regulations

contained in that subchapter; and

b.       in other such ways as may be uncovered in discovery and proven by the

evidence.

63.       The violations of the aforementioned statutes and regulations by Defendant

Penmark individually and collectively, proximately and directly caused the collision.

64.       Plaintiff, as a traveler in a motor vehicle on a public highway in the state of

Missouri, was a member of the class of persons intended to be protected by the above-referenced

statutes and regulations.

65.       Plaintiff, as commercial motor vehicle driver subject to the Federal Motor

Carriers Safety Regulations and as a traveler in a motor vehicle on an interstate highway in the

state of Missouri on which vehicles governed by the United State Federal Motor Carrier Safety

Regulations drive, was a member of the class of persons intended to be protected by the above-

referenced statutes and regulations.

66.       The serious personal injuries and damages sustained by Plaintiff were of the kind

the above-referenced statutes and regulations were designed and intended to prevent.

WHEREFORE, the Plaintiff prays for judgment in Count 6 against Defendant Penmark

and requests this Court award a fair and reasonable amount in excess of $25,000 to compensate

Plaintiff for all his damages, that the Court award the Plaintiff his costs and expenses incurred

herein, post-judgment interest at the lawful rate, and for such other and further relief as this Court

deems right and just under the circumstances.

## COUNT 7 – PREJUDGMENT INTEREST

18

67.     On November 5, 2021, Plaintiff Brad Adams made an offer to settle his personal injury claim against Antonio Spasov and PenMark Transportation for $1,000,000.

68.     Pursuant to Missouri Revised Statute §408.040, the offer was sent by certified mail, return receipt requested, and left open for ninety (90) days.

69.     No settlement has been reached to date.

70.     Defendant PenMark Transportation received Plaintiff's Prejudmgnet Interest Affidavit and Offer on November 8, 2021.

71.     AmTrust Financial Services, Inc. received Plaintiff's Prejudmgnet Interest Affidavit and Offer on November 10, 2021.

72.     Plaintiff submitted the readily available medical records and bills and a medical authorization along with a summary listing the names and addresses of his medical providers.

73.     Plaintiff did not make a lost income claim for the purpose of the Prejudgment Interest Affidavit and Settlement Offer.

74.     Plaintiff believes his injury and damages claims are worth more than his offer to settle.

75.     Plaintiff requests the Court to award prejudgment interest pursuant to Missouri Revised Statute §408.040 after the judgment is rendered in this case.

WHEREFORE Plaintiff, Brad Adams, prays for judgment against Defendants for fair and reasonable and actual damages, together with his costs herein incurred, for prejudgment interest and post-judgment interest at the lawful rate of nine (9) percent per annum, and for such other and further relief as the Court shall deem just and proper under the facts and circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all triable issues in the above-captioned case.

Respectfully submitted,

SANDERS.LAW


 /s/ Nicholas Zevenbergen
Stephen G. Sanders,                 # 51172
Nicholas J. Zevenbergen             # 61801
9800 NW Polo Drive, Suite 100
Kansas City, MO 64153-1397
Telephone:     (816) 457-6006
Facsimile:     (816) 912-4810
steve@sanders.law
nick@sanders.law

ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

**BRAD ADAMS,**

                   **PLAINTIFF(S),**                     **CASE NO. 2216-CV05168**
**VS.**                                                    **DIVISION 16**

**PENMARK TRANSPORTATION, INC ET AL,**

                   **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE**
**AND ORDER FOR MEDIATION**

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **29-JUN-2022** in **DIVISION 16** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.


/S/ **MARCO A ROLDAN**
MARCO A ROLDAN**, Circuit Judge**


Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
STEPHEN G SANDERS, 9800 NW POLO DR STE 100, KANSAS CITY, MO 64153

NICHOLAS J ZEVENBERGEN, 9800 NW Polo Avenue, SUITE 100, KANSAS CITY, MO 64153-1397


Defendant(s):
 PENMARK TRANSPORTATION, INC.
ANTONIO SPASOV


Dated:  18-MAR-2022                          MARY A. MARQUEZ
                                             Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2216-CV05168 |
| Plaintiff/Petitioner:<br>BRAD ADAMS | Plaintiff's/Petitioner's Attorney/Address:<br>NICHOLAS J ZEVENBERGEN<br>9800 NW Polo Avenue<br>SUITE 100<br>KANSAS CITY, MO 64153-1397 |
| **vs.** | |
| Defendant/Respondent:<br>PENMARK TRANSPORTATION, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Vehicular | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| **The State of Missouri to:** ANTONIO SPASOV<br>**Alias:**<br><br>**375 WEST DUNDEE ROAD<br>UNIT 301<br>WHEELING, IL 60090** | |

> You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*COURT SEAL OF*

*JACKSON COUNTY*

18-MAR-2022
Date

Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 4:22-cv-00514-RK   Document 1-1   Filed 08/08/22   Page 24 of 45

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2216-CV05168 |
| Plaintiff/Petitioner:<br>BRAD ADAMS | Plaintiff's/Petitioner's Attorney/Address:<br>NICHOLAS J ZEVENBERGEN<br>9800 NW Polo Avenue<br>SUITE 100<br>KANSAS CITY, MO 64153-1397 |
| Defendant/Respondent:<br>PENMARK TRANSPORTATION, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Vehicular | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** PENMARK TRANSPORTATION, INC.
**Alias:**

**SRV RA: MARK TSENOV**
**1250 MARK STREET**
**BENSENVILLE, IL 60106**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

18-MAR-2022
Date _____ Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
   - ☐ the clerk of the court of which affiant is an officer.
   - ☐ the judge of the court of which affiant is an officer.
   - ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   - ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

Case 4:22-cv-00514-RK Document 1-1 Filed 08/08/22 Page 26 of 45

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| BRAD ADAMS, | |
| Plaintiff(s), | Case No. 2216-CV05168 |
| | Division: 16 |
| vs. | |
| PENMARK TRANSPORTATION, INC. *et al*, | |
| Defendant(s). | |

## ORDER

       IT IS HEREBY ORDERED that the Case Management Conference set for June 29, 2022 at 8:30am shall be reset for **June 29, 2022 at 8:40am** to be held by **Conference Call.**

       IT IS THEREFORE ORDERED that all parties necessary shall call Toll Free: **1-888-204-5984** and when prompted enter Access Code: **9417657** on **June 29, 2022 at 8:40am**.

       IT IS SO ORDERED.

*Marco A. Roldan*
_____
MARCO A. ROLDAN, JUDGE

Dated: May 5, 2022

**Certificate of Service**
This is to certify that a notice of the entry of the foregoing was automatically forwarded to the attorneys of record through the Court's eFiling system.  In addition, this certifies that a copy of the foregoing was hand delivered/faxed/ emailed/mailed to the following person(s):

nick@sanders.law, steve@sanders.law

*Serena Ko*
_____
Judicial Administrative Assistant/Law Clerk

Electronically Filed - Jackson - Independence - May 13, 2022 - 02:26 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY
## AT KANSAS CITY, MISSOURI

BRAD ADAMS
5845 EAST 11TH STREET
KANSAS CITY, MISSOURI 64126

                    Plaintiff,

v.

PENMARK TRANSPORATION, INC.
1250 MARK STREET
BENSENVILLE, IL 60106
Serve:  Georgi Tsenov
          1250 Mark Street
          Bensenville, IL 60106

and

ANTONIO EVGENIEV SPASOV,
375 WEST DUNDEE ROAD, UNIT 301
WHEELING, IL 60090

                 Defendants.

Case No. 2216-CV05168
JURY TRIAL REQUESTED

## <u>REQUEST FOR ALIAS SUMMONSES</u>

       I hereby request that the circuit clerk issue alias summonses for the following Defendants,

upon whom the original summonses were not served:

PENMARK TRANSPORATION, INC.,
Serve:      Georgi Tsenov
             1250 Mark Street
             Bensenville, IL 60106
and

TYRONE V. WADE,
375 WEST DUNDEE ROAD, UNIT 301
WHEELING, IL 60090

Respectfully submitted,

SANDERS.LAW


 /s/ Nicholas Zevenbergen
Stephen G. Sanders,                    # 51172
Nicholas J. Zevenbergen                # 61801
9800 NW Polo Drive, Suite 100
Kansas City, MO 64153-1397
Telephone:     (816) 457-6006
Facsimile:     (816) 912-4810
steve@sanders.law
nick@sanders.law

ATTORNEYS FOR PLAINTIFF

2



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2216-CV05168 |
| Plaintiff/Petitioner:<br>BRAD ADAMS | Plaintiff's/Petitioner's Attorney/Address:<br>NICHOLAS J ZEVENBERGEN<br>9800 NW Polo Avenue<br>SUITE 100<br>KANSAS CITY, MO 64153-1397 |
| vs. | |
| Defendant/Respondent:<br>PENMARK TRANSPORTATION, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Vehicular | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **PENMARK TRANSPORTATION, INC.**
                          **Alias:**

**GEORGI TSENOV**
**1250 MARK STREET**
**BENSENVILLE, IL 60106**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

16-MAY-2022
_____        _____
Date                                           Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                  ☐ the judge of the court of which affiant is an officer.
                  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                  ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 22-SMOS-547 1 of 2 (2216-CV05168) Rules 54.06, 54.07, 94.14, 54.20, 506.500, 506.510 RSMo

Case 4:22-cv-00514-RK   Document 1-1   Filed 08/08/22   Page 32 of 45

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



**IN THE 16th JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division: **16** | Case Number: **2216-CV05168** |
|---|---|

**BRAD ADAMS, represented by NICHOLAS J ZEVENBERGEN**

vs.

**PENMARK TRANSPORTATION, INC., represented by** _____

Case Type    **TE - CC Pers Injury-Vehicular**

## ORDER

### SCHEDULING:

☒ This Case is re-set for a **Case Management Conference Call** on **August 30, 2022 at 1:00pm**. Parties necessary shall call Toll Free: **1-888-204-5984** and when prompted enter Access Code: **9417657**.

☐ Motions for leave to amend the pleadings shall be filed no later than _____.

☐ Motions for leave to add additional parties shall be filed no later than _____.

☐ All discovery shall be commenced or served to be completed by _____.

☐ Designation and deposition or experts:

    ☐ Plaintiffs shall designate their retained and non-retained testifying experts by no later than _____.

    ☐ Plaintiffs shall make their retained expert witnesses available for deposition by no later than _____.

    ☐ Defendants shall designate their retained and non-retained testifying experts by no later than _____.

    ☐ Defendants shall make their retained expert witnesses available for deposition by no later than _____.

☐ All potentially dispositive motions shall be filed no later than _____. No extensions shall cause the final sur-reply to be filed less than twenty (20) days prior to trial.

☐ Not later than fourteen (14) calendar days before trial, the parties shall serve and file with the Court a designation, by page and line, of any deposition testimony that the offering part intends to read at trial. Not later than seven (7) calendar days before trial, each party shall serve and file with the Court any objections to the other party's deposition designations and shall provide any counter-designations. Not later than three (3) calendar days before trial, the parties shall serve and file with the Court any objections to the other parties' counter-designations.

☐ Motions in limine and supporting briefs shall be filed not later than ten (10) calendar days before the date of trial. Brief in opposition to motions in limine shall be filed not later than three (3) calendar days before trial.

☐ Proposed jury instructions shall be filed by the parties not later than Friday preceding the trial.

☐ Any request for a hearing on discovery issues or dispositive motions shall be in writing.

☐ Continuance requests shall conform to local rule 34.1. The parties are encouraged to approach the Court as soon as timelines in the scheduling order are not met.

☐ Mediation is ordered.

☐ Other: _____.

### NOTES:

☐ Expected Length of Trial: _____ days. Jurors Requested: _____ .

☐ Status of Discovery: _____.

    ☐ Written: _____.

    ☐ Depositions: _____.

**IT IS SO ORDERED.**

| _____JUNE 29, 2022_____ | _Marco A. Roldán_ |
|---|---|
| Date | Judge **MARCO A ROLDAN** |

Electronically Filed - Jackson - Independence - July 01, 2022 - 04:54 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY, MISSOURI**

| | |
|---|---|
| BRAD ADAMS<br>5845 EAST 11TH STREET<br>KANSAS CITY, MISSOURI 64126<br><div align="right">Plaintiff,</div><br>v.<br><br>PENMARK TRANSPORATION, INC.<br>1250 MARK STREET<br>BENSENVILLE, IL 60106<br>Serve:  Georgi Tsenov<br>        1250 Mark Street<br>        Bensenville, IL 60106<br><br>and<br><br>ANTONIO EVGENIEV SPASOV,<br>375 WEST DUNDEE ROAD, UNIT 301<br>WHEELING, IL 60090<br><div align="right">Defendants.</div> | Case No. 2216-CV05168<br>JURY TRIAL REQUESTED |

<u>**REQUEST FOR ALIAS SUMMONSES**</u>

I hereby request that the circuit clerk issue alias summonses for the following Defendants,

upon whom the original summonses were not served:

DEFENDANT 1)    PENMARK TRANSPORATION, INC.,
Serve:          Georgi Tsenov
                1250 Mark Street
                Bensenville, IL 60106
and

DEFENDANT 2)    ANTONIO EVGENIEV SPASOV,

                375 WEST DUNDEE ROAD, UNIT 301
                WHEELING, IL 60090

Respectfully submitted,

SANDERS.LAW


_/s/ Nicholas Zevenbergen_
Stephen G. Sanders,         # 51172
Nicholas J. Zevenbergen     # 61801
9800 NW Polo Drive, Suite 100
Kansas City, MO 64153-1397
Telephone:     (816) 457-6006
Facsimile:     (816) 912-4810
steve@sanders.law
nick@sanders.law

ATTORNEYS FOR PLAINTIFF



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARCO A ROLDAN | Case Number: 2216-CV05168 |
|---|---|
| Plaintiff/Petitioner:<br>BRAD ADAMS | Plaintiff's/Petitioner's Attorney/Address:<br>NICHOLAS J ZEVENBERGEN<br>9800 NW Polo Avenue<br>SUITE 100<br>KANSAS CITY, MO 64153-1397 |
| vs. | |
| Defendant/Respondent:<br>PENMARK TRANSPORTATION, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Vehicular | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: ANTONIO SPASOV**
 **Alias:**

375 WEST DUNDEE ROAD
UNIT 301
WHEELING, IL 60090

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

05-JUL-2022
Date

_____
Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
 ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
 ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
 ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
 ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server  Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
 ☐ the judge of the court of which affiant is an officer.
*(Seal)* ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
 ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 22-SMOS-974 1 of 2 (2216-CV05168) Rules 54.06, 54.07, 94.14, 54.20; 506.500, 506.510 RSMo

Case 4:22-cv-00514-RK Document 1-1 Filed 08/08/22 Page 38 of 45

# Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | **Case Number:** 2216-CV05168 |
| Plaintiff/Petitioner:<br>BRAD ADAMS | Plaintiff's/Petitioner's Attorney/Address:<br>NICHOLAS J ZEVENBERGEN<br>9800 NW Polo Avenue<br>SUITE 100<br>KANSAS CITY, MO 64153-1397 |
| **vs.** | |
| Defendant/Respondent:<br>PENMARK TRANSPORTATION, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Vehicular | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: PENMARK TRANSPORTATION, INC.
 Alias:

GEORGI TSENOV
1250 MARK STREET
BENSENVILLE, IL 60106

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

05-JUL-2022
 Date                                                                     Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                                    _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Subscribed and sworn to** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                           ☐ the judge of the court of which affiant is an officer.
*(Seal)*                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                           ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (11/2021) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 22-SMOS-913 1 of 2 (2216-CV05168) Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:22-cv-00514-RK   Document 1-1   Filed 08/08/22   Page 41 of 45

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

CIRCUIT COURT OF JACKSON COUNTY, IN AND FOR THE STATE OF MISSOURI

**BRAD ADAMS**

Plaintiff/Petitioner

vs.

**PENMARK TRANSPORTATION, INC; ET AL**

Defendant/Respondent

| | |
|---|---|
| Case No.: | **2216-CV05168** |
| Hearing Date: | **08/30/2022** |
| AFFIDAVIT OF SERVICE OF | |
| **ORDER; SUMMONS; COMPLAINT** | |

Received by Mark Edds, on the 5th day of July, 2022 at 5:08 PM to be served upon **Antonio Evgeniev Spasov** at **375 W DUNDEE RD APT 301, Wheeling, Cook County, IL 60090.**
On the **7th day of July, 2022 at 10:13 AM,** I, Mark Edds, SERVED **Antonio Evgeniev Spasov** at **375 W DUNDEE RD APT 301, Wheeling, Cook County, IL 60090** in the manner indicated below:

**INDIVIDUAL SERVICE,** by personally delivering 1 copy(ies) of the above-listed documents to **Antonio Evgeniev Spasov**.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
I delivered the documents to Antonio Evgeniev Spasov with identity confirmed by subject saying yes when named. The individual accepted service with direct delivery. The individual appeared to be a black-haired white male contact 25-35 years of age, 5'10"-6'0" tall and weighing 160-180 lbs with an accent and a beard.

Service Fee Total: $65.00

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____    129-317476      7 - 7 - 22
       Mark Edds           Server ID #          Date

Notary Public: Subscribed and sworn before me on this __7th__ day of __July__ in the year of 20 __22__
Personally known to me _____ or __X__ identified by the following document.

Number/Reference: _____
Type: _____
Notary Public for State of: __Illinois__
Commission Expiration: __April 8, 2024__

_____
Notary Public (Legal Signature)

**MARIE DACHNIWSKY**
**OFFICIAL SEAL**
Notary Public - State of Illinois
My Commission Expires
April 08, 2024

CIRCUIT COURT OF JACKSON COUNTY, IN AND FOR THE STATE OF MISSOURI

| | |
|---|---|
| **BRAD ADAMS** | Case No.: **2216-CV05168** |
| Plaintiff/Petitioner | |
| vs. | Hearing Date: **08/30/2022** |
| **PENMARK TRANSPORTATION, INC; ET AL** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **SUMMONS; COMPLAINT; ORDER** |

Received by **Deborah Booth**, on the **7th day of July, 2022 at 12:08 PM** to be served upon **Penmark Transportation Inc. c/o GEORGI TSENOV, REGISTERED AGENT** at **1250 Mark Street, Bensenville, DuPage County, IL 60106**. On the **7th day of July, 2022 at 1:02 PM**, I, **Deborah Booth**, SERVED **Penmark Transportation Inc. c/o GEORGI TSENOV, REGISTERED AGENT** at **1250 Mark Street, Bensenville, DuPage County, IL 60106** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Toni Taneve, Safety**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to Toni Taneve, Safety who indicated they were the employee with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a blonde-haired white female contact over 65 years of age, 5'4"-5'6" tall and weighing 160-180 lbs with an accent.**

Service Fee Total: **$85.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _Deborah Booth_     129 442943     7/8/22
Deborah Booth     Server ID #     Date

Notary Public: Subscribed and sworn before me on this ___8th___ day of ___July___ in the year of 20 _22_
Personally known to me _____ or _✓_ identified by the following document: _IL Drivers License_

Number/Reference: _899258_
Type: _____

SAROSHAH SALAM
Official Seal
Notary Public - State of Illinois
My Commission Expires Aug 7, 2023

Notary Public (Legal Signature)

Notary Public for State of: _Illinois_
Commission Expiration: _08/07/2023_

REF: **REF-10380720**